```
                  IN THE UNITED STATES DISTRICT COURT
                  FOR THE SOUTHERN DISTRICT OF TEXAS
                            HOUSTON DIVISION


REDUS TX PROPERTIES, LLC,         §
                                  §
     Plaintiff,                   §
                                  §
v.                                §      CIVIL ACTION NO. H-10-4602
                                  §
GARY M. GRAY,                     §
                                  §
     Defendant.                   §
```

MEMORANDUM AND ORDER

Pending is Plaintiff Redus TX Properties, LLC's Motion for Summary Judgment (Document No. 11). After considering the motion, response, reply, and the applicable law, the Court concludes that the motion should be granted.

I. Background

Plaintiff Redus Properties, LLC seeks a post-foreclosure deficiency judgment from Defendant Gary Gray, who executed a personal guaranty ("Guaranty") to secure GALP Grayridge Limited Partnership's ("GALP") purchase of an apartment complex in Houston, Texas known as the Vinings at West Oaks Apartments (the "Property").[1] The Guaranty requires Defendant to perform all of

---

[1] *See* Document No. 11 at 1; GALP executed a Promissory Note ("Note") and Loan Agreement for $13,600,000 in order to purchase the Property, which was secured by a Deed of Trust. *See* Document No. 11, ex. A-1 (Note); id., ex. A-2 (Loan Agreement); id., ex. A-3 (Deed of Trust). Defendant executed both the Note and the Loan Agreement in his capacity as President of GALP and signed the

the obligations owed by GALP on the occasion of an "Event of Default" such as filing for bankruptcy protection.[2] GALP filed for bankruptcy on November 1, 2010, triggering Defendant's liability on the Note. Accordingly, Plaintiff filed this action against Defendant as guarantor to collect amounts due on the Note. Thereafter, Plaintiff foreclosed on the Property with leave of the bankruptcy court, and now seeks a deficiency of $273,557.78 from Defendant, plus attorneys' fees and costs incurred to enforce its rights under the Guaranty.

## II. Summary Judgment Standard

Rule 56(a) provides that summary judgment should be rendered "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The moving party must "demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 106 S. Ct. 2548, 2553 (1986).

Once the movant carries this burden, the burden shifts to the nonmovant to show that summary judgment should not be granted.

---

Guaranty in his individual capacity. See id., exs. A-1, A-2, A-3, and A-4 (Guaranty). Through a series of assignments, Plaintiff became the holder of the Note, the Deed of Trust, and the Guaranty. See id., ex. A-5 at 160-62 (Assignment from Wachovia Bank to Plaintiff).

[2] Filing for bankruptcy was one of several possible "Event[s] of Default" outlined in the loan agreement. See Document No. 11, ex. A-2 ¶ 8.1(f) (Page 31 of 54).

<u>Morris v. Covan World Wide Moving, Inc.</u>, 144 F.3d 377, 380 (5th Cir. 1998). A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials in a pleading, and unsubstantiated assertions that a fact issue exists will not suffice. <u>Id.</u> "[T]he nonmoving party must set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." <u>Id.</u> "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . .; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support that fact." FED. R. CIV. P. 56(c)(1). "The court need consider only the cited materials, but it may consider other materials in the record." FED. R. CIV. P. 56(c)(3).

    In considering a motion for summary judgment, the district court must view the evidence "through the prism of the substantive evidentiary burden." <u>Anderson v. Liberty Lobby, Inc.</u>, 106 S. Ct. 2505, 2513 (1986). All justifiable inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 106 S. Ct. 1348, 1356 (1986). "If the record, viewed in this light, could not lead a rational trier of fact to find" for the nonmovant, then summary judgment is proper. <u>Kelley v. Price-

Macemon, Inc., 992 F.2d 1408, 1413 (5th Cir. 1993). On the other hand, if "the factfinder could reasonably find in [the nonmovant's] favor, then summary judgment is improper." Id. Even if the standards of Rule 56 are met, a court has discretion to deny a motion for summary judgment if it believes that "the better course would be to proceed to a full trial." Anderson, 106 S. Ct. at 2513.

### III. Discussion

Under Texas law,[3] a plaintiff seeking to recover a deficiency judgment under a promissory note must establish: "(1) the note[] in question, (2) that [the maker] signed the note[], (3) that [mortgagee] was the legal owner and holder of the note[], and (4) that a certain balance was due and owing under the note[]." Cockrell v. Republic Mortg. Ins. Co., 817 S.W.2d 106, 111 (Tex. App.--Dallas 1991, no writ). To recover on a guaranty of a promissory note, a plaintiff must show "'proof of (1) the existence and ownership of the guaranty contract, (2) the terms of the underlying contract by the holder, (3) the occurrence of the conditions upon which liability is based, and (4) the failure or refusal to perform the promise by the guarantor.'" Haggard v. Bank of Ozarks Inc., 668 F.3d 196, 199 (5th Cir. 2012) (quoting Marshall

---

[3] It is undisputed that Texas law governs this dispute. *See* Document No. 11, exs. A-1 ("This Note and each of the other Loan Documents shall be interpreted and enforced according to the laws of the state where the Property is located.").

v. Ford Motor Co., 878 S.W.2d 629, 631 (Tex. App.--Dallas 1994, no writ)). "A guarantor's liability on a debt is measured by the principal's liability unless a more extensive or a more limited liability is expressly set forth in the guaranty agreement." Id. n.4 (quotation omitted).

The uncontroverted summary judgment evidence conclusively establishes the terms, existence, and ownership of the Note and the Guaranty; Defendant signed the Guaranty; GALP defaulted on the Note when it filed for bankruptcy, triggering Defendant's liability under the Guaranty; there is a deficiency balance as a result of a foreclosure sale; and Defendant has not paid the deficiency balance due on the Note.[4] Plaintiff's Vice President Matthew D. Burbank in his affidavit provides detailed proof that (1) the principal amount due on the date of foreclosure was $12,702,279.65; (2) accrued interest from April 11, 2011 through June 6, 2011 (at 4% interest) was $80,477.77; (3) default interest from November 1, 2010 to June 6, 2011 (at 5% interest) was $384,596.80; (4) legal fees in the amount of $107,014.39; and (5) miscellaneous fees and expenses in the amount of $15,675.77, for a total amount owed of $13,290,014.38[5]; Burbank's verified proof then itemized certain credits to which the debtor was entitled, which reduced the indebtedness to $13,038,279.96, as of June 6, 2011, and then

---

[4] See Document No. 11, exs. A, A-1, A-2, A-4, and A-5.

[5] Document No. 11, ex. A ¶ 9.

credited against that sum the proceeds of $12,764,22.18 received at the public auction of the property, resulting in a post-foreclosure debt of $273,557.78 owed by Defendant.  This is sufficient proof of the deficiency owed under the Note and Guaranty.  *See* Kelly v. First State Bank Cent. Tex., No. 03-10-00460-CV, 2011 WL 6938522, at *9 (Tex. App.--Austin Dec. 30, 2011, no pet.) (concluding that the lender's officer's affidavit itemizing accrued interest and incurred costs and fees was sufficient proof on summary judgment of the amount due); *see also* Scott v. Commercial Servs. of Perry, Inc., 121 S.W.3d 26, 29 (Tex. App.--Tyler 2003, pet. denied) ("A lender need not file detailed proof reflecting the calculations of the balance due on a note; an affidavit by a bank employee which sets forth the total balance due on a note is sufficient to sustain an award of summary judgment." (citing Martin v. First Republic Bank, Fort Worth, N.S., 799 S.W.2d 482, 485 (Tex. App.--Fort Worth 1990, writ denied))).

Defendant does not controvert, plead, or otherwise show that any of the foregoing proof is erroneous or unreasonable.  Instead, Defendant's sole contention on summary judgment is that Plaintiff failed to give credit for insurance proceeds claimed for a 2010 fire loss at the Property.  This claim for insurance proceeds-- along with claims for four additional 2010 fire losses at completely separate apartment projects that are also covered by the same casualty loss policy--are all the subject of a separate

declaratory judgment suit filed by the casualty insurance company, Ironshore Specialty Insurance Company."[6]  Defendant contends that a genuine issue of material fact exists because Plaintiff did not apply, as an offset to the deficiency amount, insurance proceeds that GALP seeks to recover in that separate lawsuit.[7]

The Guaranty provides:

> Section 2.1  <u>Events and Circumstances Not Reducing or Discharging Guarantor's Obligations</u>.  Guarantor hereby consents and agrees to each of the following and agrees that Guarantor's obligation hereunder shall not be released, diminished, impaired, reduced or adversely affected in any way by any of the following, and waives any common law, equitable, statutory or other rights (including, without limitation, rights to notice) which Guarantor might have in connection with any of the following:
>
> . . .
>
> (c)  <u>Invalidity, Unenforceability, Offset, Etc</u>. The invalidity, illegality or unenforceability of all or any part of the Guaranteed Obligations or any Loan Document, or of any other document or agreement executed in connection with the Guaranteed Obligations for any reason whatsoever, including, without limitation, the fact that . . . (v) *Borrower has valid defenses, claims, or offsets . . . which render the Guaranteed Obligations wholly or partially uncollectible from Borrower, and whether such defense, claim, or right of offset arises in connection with the Guaranteed*

---

[6] Document No. 12 ¶ 4.  The insurance suit is captioned <u>Ironshore Specialty Insurance Company v. GALP Grayridge Limited Partnership, et al.</u>, No. 4:11-cv-03310 (S.D. Tex.) (Ellison, J.). *See* Document No. 12, ex. B.

[7] *See* Document No. 12 ¶ 5.  Defendant's sole claim for an offset is based on its anticipated insurance payout.

7

> *Obligations, the transactions creating same, or otherwise* . . . .

Document No. 11, ex. A-4 ¶ 2.1 (Guaranty) (emphasis added). As Plaintiff points out, Defendant in his Guaranty of the Note expressly waived any right to claim such an offset. *See* Tran v. Compass Bank, No. 02-11-00189-CV, 2012 WL 117859, at *2 (Tex. App.--Fort Worth Jan. 12, 2012, no pet.) (finding that guarantor had waived "*any* rights or defenses based . . . upon an offset" and therefore "agreed to foreclose his right to invoke *all* separate rights or defenses to an offset against a deficiency owed--whether statutory or otherwise" (emphasis in original)); Compass Bank v. Veytia, No. EP-11-CV-228-PRM, 2011 WL 6130900, at *6 (W.D. Tex. Dec. 8, 2011, no pet.) (guarantors waived "their ability to argue that 'credits, payments, funds in the Registry of the Court, and loan payoffs' . . . 'offset' the Guaranteed Debt"); *see also* LaSalle Bank Nat. Ass'n v. Sleutel, 289 F.3d 837, 839-42 (5th Cir. 2002) (finding that the guarantor expressly waived the right to offset under Tex. Prop. Code § 51.003 based on language in the guaranty).[8]  Because Defendant waived any right to an offset, and

---

[8] Not only did Defendant contractually waive any right to offset, he also did so by his failure to plead offset as an affirmative defense in his Answer. *See* Brown v. Am. Transfer & Storage Co., 601 S.W.2d 931, 936 (Tex. 1980) ("The right to offset is an affirmative defense.  The burden of pleading offset and of proving facts necessary to support it are on the party making the assertion." (citing Sw. Bell Tel. Co. v. Gravitt, 551 S.W.2d 421 (Tex. Civ. App.--San Antonio 1977, writ ref'd n.r.e.)).

has not offered summary judgment evidence sufficient to raise a genuine issue of fact contesting Plaintiff's proof, Plaintiff is entitled to summary judgment against Defendant for the post-foreclosure deficiency amounts.

In addition to the deficiency amount, Plaintiff seeks attorneys' fees and costs in the amount of $14,500.00 for enforcing the Guaranty based upon its proviso that the Guarantor pay the Lender "any and all costs and expenses (including court costs and reasonable attorneys' fees and expenses) incurred by Lender" in the enforcement of the rights under the Guaranty if "the Guarantor fails to timely perform any provisions of this Guaranty."[9]

Plaintiff's counsel has provided verified proof that the attorneys' fees and costs for services performed for enforcement of the Guaranty amount to "at least $12,000.00," and that "an additional $2,500 in attorneys' fees will be required to reply to any response filed by Defendant, prepare for and attend a hearing on the summary judgment, and to execute on the judgment" for a total fee of $14,500.00.[10]  Defendant does not contest Plaintiff's

---

[9] Document No. 11, ex. A-4 ¶ 1.7.

[10] Plaintiff's counsel states that he considered the following factors on the fee claim:

  (a)  the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal services properly;
  (b)  the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

9

proof for attorney's fees and expenses, and has offered no controverting evidence.

Counsel for Plaintiff represents that its firm reviewed the loan documents, investigated the underlying claims and history regarding the note, attended status conferences, communicated with Defendant's counsel, researched and analyzed the statutory and case law, and drafted the Motion for Summary Judgment.[11]  The Court has considered Plaintiff's proof and, although it is not contested by Defendant, finds that the fee is reasonable except for inclusion of a sum "to prepare for and attend a hearing on the summary judgment," which hearing the Court determined was not necessary. Accordingly, an adjustment will be made.  The Court finds that Plaintiff is entitled to $13,150.00 for its reasonable and necessary attorneys' fees in connection with its enforcement of the Guaranty.

---

(c)  the fee customarily charged in this locality for similar legal services;
(d)  the amount involved and the results obtained;
(e)  the nature and length of the professional relationship with the client;
(f)  the experience, reputation and ability of the lawyer or lawyers performing the services; and
(g)  whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered.

Document No. 11, ex. D ¶ 8.  *See also* <u>Arthur Andersen & Co. v. Perry Equipment Corp.</u>, 945 S.W.2d 812, 818 (Tex. 1997) (delineating the factors to consider in awarding attorneys' fees in Texas).

[11] Document No. 11, ex. D ¶ 3.

IV.  Order

Accordingly, it is

ORDERED that Plaintiff Redus TX Properties, LLC's Motion for Summary Judgment (Document No. 11) is GRANTED, and Plaintiff shall have and recover from Defendant Gary M. Gray the sums of:

(1)  $273,557.78 in actual damages as of June 6, 2011;

(2)  Pre-judgment interest at the rate of 5% per annum from June 6, 2011 until the date of Final Judgment, which is separately signed this day, which pre-judgment interest totals $11,804.21;

(3)  Reasonable and necessary attorneys' fees and expenses in the amount of $13,150.00; and

(4)  Contractual post-judgment interest on the total of the foregoing amounts, which in all total $298,511.99, at the current federal rate of 0.18% per annum, compounded annually, from the date of Final Judgment until paid.

The Clerk shall notify all parties and provide them with a signed copy of this Order.

SIGNED at Houston, Texas, on this 17th day of April, 2012.

_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE